IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE  DIVISION


DEMETRIC L. HOOPER                                                      PLAINTIFF


            v.                        Civil No.  12-5213


M. CUZICK (Badge 834); K. LAGNE
(Badge 546);SGT. MORSE; TOM
MULVANNEY; J. ALDERSON;
WEEKS; C. FIELDS; J. BELL; C. PINEDA;
P. BYRD; TUCKER; P. GANT;
T. HUTCHENS; DR. HOWARD;
NURSE RHONDA BRADLEY; and
NURSE RHONDA MESCHEDE                                          DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff, Demetric L. Hooper, pursuant to 42 U.S.C.

§ 1983.  He proceeds *pro se* and *in forma pauperis.*  The case is before me for a determination

of whether service of process should issue.

**1.  Background**

Plaintiff filed a complaint, several supplements, an addendum, and multiple motions to

amend the complaint.  By order (Doc. 16), Plaintiff was directed to file an amended complaint

and advised that the amended complaint would take the place of his original complaint and any

supplements.

In the amended complaint (Doc. 21), Plaintiff asserts he has been discriminated against

because of his race and denied medical care.  With respect to Defendants Tom Mulvanney, J.

Alderson, and C. Fields, Plaintiff alleges that they threw away his grievances and/or request

-1-

forms.  With respect to Defendant Sergeant Morse, Plaintiff alleges only that he provided the Plaintiff with false information.

### 2.  Discussion

The claims against Mulvanney, Alderson, and Fields are subject to dismissal.  "Inmates do not have a constitutionally protected right to a grievance procedure.  Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . .  grievance procedure is not actionable under § 1983."  Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted); see also Lombolt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances does not state a substantive constitutional claim); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); Blagman v. White, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), aff'd, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts."  Blagman, 112 F. Supp. 2d at 542 (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available."  Id. (citation omitted).  "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."  Geiger v. Jowers, 404 F.3d 371, 374 (5th

Cir. 2005). Plaintiff has not alleged that he was deprived of access to the courts because of the these Defendants' conduct.

With respect to Sergeant Morse, Plaintiff alleges only that he provided Plaintiff with false information. Plaintiff does not allege that he was deprived of any constitutional right as a result of Morse's conduct. No claim of constitutional dimension is stated.

**3. Conclusion**

For the reasons stated, I recommend that the claims against Tom Mulvanney, J. Alderson, C. Fields, and Sergeant Morse be dismissed as the claims are frivolous or fail to state claims upon which relief may be granted. By separate order the issue of service on the remaining Defendants will be addressed.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of October 2013 .

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)